Dear Mr. Graham:
This office is in receipt of your request for an Attorney General's opinion on behalf of the Ward Two Water District of Livingston Parish (the "District"). It is our understanding that the District was established as a waterworks district under authority of LSA-R.S. 33:3811, et seq. and serves approximately 40,000 to 45,000 customers in the northwestern quarter of Livingston Parish, outside the corporate limits of Denham Springs and Walker. You advise that rapid growth in the District's service area has required the District to expand and improve its system, and increase rates to meet expansion demands. In order to inform the public, particularly the District's customers, about the rate increase, the District has entered into a contract with a public relations and communications firm for that purpose.
Specifically, our opinion is sought with regard to the expenditure of District funds for public relations and/or the dissemination of public information by the District. You have presented a number of questions for our review. In an effort to present our answers in an orderly fashion, we have grouped your questions together, where appropriate, for response.
 Is Ward Two Water District a "parish and municipal governing authority" within the meaning and intendment of LSA-R.S. 33:4873? Assuming that the District is authorized to expend funds under LSA-R.S. 33:4873, do the amounts paid for professional service to the public relations/communications firm count against the $15,000 limit established by LSA-R.S. 33:4873?
LSA-R.S. 33:4873 provides that ". . . parish and municipal governing authorities may advertise by publications and radio . . ." and sets limits upon spending for such advertisement based upon the population of the served by the governing authority.
In our opinion, the District does not fall within the meaning of the phrase "parish and municipal governing authority", as used in LSA-R.S. 33:4873. Rather that phrase refers to the governing authorities of parishes and municipalities, such as city councils, municipal boards of aldermen, parish councils and police juries; the term does not refer to the governing authorities of other political bodies, such as the District.
The Board of Commissioners, as the governing authority of the District, can be considered to be a `district governing authority'. However, as the District's Board of Commissioners has no authority over a parish or a municipality, it is not a parish governing authority or a municipality governing authority. Our opinion in this regard is consistent with the definition of "governing authority" contained in La. Const. Art. VI, Sec.44(4), which provides: "`Governing authority' means the body that exercises the legislative functions of the political subdivision". In accord: Attorney General's Opinion No. 82-799.
Since the District cannot be considered to be a parish or municipal governing authority as referred to in LSA-R.S. 33:4873, it is our further opinion that the limitations contained therein with respect to expenditures for advertising are not applicable to the District.
 Is advertising within the powers of a public waterworks district? Are there any restrictions or limitations on public relations and/or dissemination of information by the Water District? If so, what are the limitations on content of information and public relation efforts? To what extent can the District expend funds to communicate with the public to improve its image and standing in the community?
Our research revealed no provision of law that is specific with respect to advertising by waterworks districts. Prior opinions of this office have, however considered advertising by a number of public agencies and entities and have determined that advertising per se by public bodies is not illegal; rather, it is the nature and purpose of advertising by public bodies which determines its legality. Attorney General's Opinions Nos. 03-319; 02-0129; 94-386; 90-126A.
Our opinions have determined that the use of public funds to promote or defeat any candidate or proposition or to manipulate public opinion is prohibited. La. Const. Art. XI, Sec 4 and LSA-R.S. 18:1465(A). On the other hand, we have determined that the there is a distinction between the dissemination of lawful public information and unlawful public relations, based uponGodwin v. East Baton Rouge Parish, 372 So.2d 1060 (La.App. 1st Cir. 1979). In Attorney General's Opinion No. 90-126A, we stated:
 "Without specific, express authorization from the legislature by statute (i.e. drug education, economic development, etc.), the use of public funds to finance public relation techniques to manipulate public opinion on public issues to create a body of public opinion favorable to a public official or entity, is ultra vires. The use of public funds to provide a public information function to a state office [or other public entity] is integral to its constitutional and/or statutory power and function, and is lawful if its intent is to be factually informative to the public . . .
 * * *
 . . . It is the purpose for which the public funds are spent, and the intent of the public agency or official which makes the expenditure, which controls the legal character of the expenditure." (Bracketed items added).
Attorney General's Opinion No. 91-634 considered the legality of correspondence a Parish Councilman proposed to send to the residents of his district with public funds. That opinion notes that the distinction between what is and is not prohibited under these provisions of law is not always clear. The opinion pertinently states:
 "Relevant factors that may be considered to determine the propriety of a particular expenditure include an examination of the purpose for the expenditure of public funds, the intent of the public agency and the reasonable effect such expenditure would have upon the electors. Atty. Gen. Op. Nos. 76-307, 79-1191, 89-418 and 90-126A . . .
In our opinion, a public waterworks district can advertise for the purpose of informing the public about its functions, activities, duties, etc., if the intent of the advertisement is be factually informative to the public. Of course, if the purpose is determined to be the manipulation of public opinion or the creation of a body of public opinion favorable to a public official or entity, the advertisement would be ultra vires.
 The District proposes to print and mail out a brochure to its customers, a copy of which is enclosed with this letter, at a cost of approximately $4,000. Does the content of the brochure come within the restrictions on public relations and dissemination of information by a public entity?
This office is not a finder of fact, and cannot make a determination as to the particular purpose, intent and effect of the brochure you included with your request. Unfortunately, we are constrained to advise that such a determination could only be made by the courts in their role as fact finders. In accord: Attorney General's Opinion No. 04-0370.
We do note that the brochure appears to have as its primary purpose informing the public as to the District's rate structure, water source(s) and purification process. Such a purpose is not, in our opinion, prohibited by law.
 Is the expenditure [for the brochure] allowable under Article VII, Sec. 14 of the Louisiana Constitution of 1974?
La. Const. Art. VII, Sec. 14 generally prohibits the funds, credit, property or things of value of the state or any political subdivision from being loaned, pledged or donated to or for any person, association or corporation, public or private. Clearly, this provision would prohibit the expenditure of public funds to finance the advertisement or advocacy of the interests of a particular individual, association or corporation.
As previously noted, this office is not a finder of fact, and can not definitively opine as to the purpose of the brochure in question. We do note that the brochure does not appear to be for the benefit of any person or entity, other than the District and the public, for the purpose of providing public information. In our opinion, the expenditure of public funds to disseminate lawful information to and for the benefit of the public is not violative of La. Const. Art. VII, Sec. 14.
Trusting this to be of sufficient information, I am,
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General